IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MYRON McCRAY,

      Plaintiff,

v.                                        CASE NO. 4:13-cv-355-RH-GRJ

LERRY CAMPBELL, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff filed his Complaint on the civil rights complaint form to be used by non-prisoner litigants for actions arising under 42 U.S.C. § 1983. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). It is clear from the allegations of the Complaint that it is due to be dismissed for failure to state a claim upon which relief may be granted.

## Plaintiff's Allegations

      Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against Sheriff Lerry Campbell of the Leon County Jail; jail administrator Brent Coughlin; Circuit Judge Charles Dodson; Circuit Judge Jackie Fulford; Circuit Judge Frank Sheffield; State Attorney William Meggs; Assistant State Attorney Adam Komisar; and Assistant

Regional Counsel Andrew Beasley.  It appears from Plaintiff's Complaint that he was undergoing some sort of psychological evaluation during state court proceedings for a violation of probation charge.  (Doc. 1, at 9.)  Plaintiff sought a Nelson hearing in state court to "discharge" his counsel, but at that hearing on December 12, 2011, Judge Fulford stated that she would delay a decision on the effectiveness of Plaintiff's counsel until after reports from the hospital were received.  *Id.*  Plaintiff alleges that on January 9, 2012, he was found guilty of violating his probation and sentenced to 33.75 months "in Department of Correction with Avon Park."  *Id.*  Avon Park is a treatment center, as opposed to a prison, though Plaintiff does not state this explicitly.  Plaintiff alleges that ASA Komisar, Judge Dodson, and his counsel Mr. Beasley did not check to see if there was bed space available at Avon Park, and accordingly, Plaintiff was sent to the Leon County Jail "to wait on bed space."  *Id.*  Plaintiff further states that he filed a motion to correct his sentence, which was denied by Judge Sheffield.  *Id.*  Plaintiff alleges that these actions violated his Fourth, Sixth, and Fourteenth Amendment rights.  Plaintiff seeks immediate release from jail and "to be paid for my rights that was violated."  *Id.* at 11.

## **Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a

right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

## Discussion

Plaintiff has failed to state a claim for relief in his complaint. Plaintiff has alleged no facts that would support a finding that Sheriff Campbell or jail administrator Coughlin violated his constitutional rights in any way. Indeed, Plaintiff's statement of facts is devoid of a mention of these two defendants.

Plaintiff also brings claims against three state court judges: Judge Fulford, Judge Sheffield, and Judge Dodson.  All facts alleged against the judges in Plaintiff's complaint relate to actions taken in their official role as judges, and they are therefore entitled to absolute judicial immunity.  *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Plaintiff also brings claims against State Attorney William Meggs and Assistant State Attorney Adam Komisar.  Plaintiff alleges that these state attorneys should have had contact with Avon Park prior to the imposition of the sentence in Plaintiff's violation of probation case, in order to determine whether there were beds available for Plaintiff at that facility.  (Doc. 1, at 9.)  It is far from clear that the state attorneys had any responsibility to personally contact Avon Park to ensure that bed space was available.  Nor does it appear possible that it was within the power of the state attorneys to "put off the sentence" if a bed was not available, as Plaintiff contends.  *Id.*  In any case, "[p]rosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process," which these actions clearly were.  *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (citing *Fullman v. Graddick*, 739 F.2d 553, 558 (11th Cir. 1984)).  Accordingly, Plaintiff has not stated a claim for relief against either State Attorney Meggs or Assistant State Attorney Komisar.

Finally, Plaintiff asserts that his counsel, Assistant Regional Counsel Andrew Beasley, was ineffective for ensuring that he was placed in Avon Park.  Plaintiff fails to state a claim for relief against Defendant Beasley, because he "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer."  *Wahl*,

773 F.2d at 1173 (citing *Richardson v. Fleming*, 651 F.2d 366, 368-69 n.3 (5th Cir. 1981)).  Plaintiff has failed to state a claim for relief against Defendant Beasley.

Plaintiff requests, in addition to money damages, to be immediately released from prison.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  It is clear that Plaintiff's claims in this case go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  *See* Fed.R.Civ.P. 15(a).   Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  In this case, it is evident that the facts and circumstances relied upon by Plaintiff are not a proper subject for relief under 42 U.S.C § 1983, and amendment would be futile.

Further, Plaintiff failed to truthfully disclose his prior case filing history.  Plaintiff executed the civil rights complaint form under penalty of perjury on June 13, 2013.  (Doc. 1, at 11.)   Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have "ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each and every case so dismissed.  *Id*. at 4.  Plaintiff responded "no."  Plaintiff wholly failed to identify his three prior cases in this

district, including a previous case dealing with very similar facts which was dismissed for failure to state a claim upon which relief could be granted. (*McCray v. Komisar*, Case No. 4:11-cv-607-SPM-WCS.) In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's motion to proceed as a pauper, Doc. 2, should be **GRANTED** for the limited purpose of screening the complaint.

2. This case should be dismissed pursuant to 28 U.S.C. § 1915A because Plaintiff has failed to state a claim upon which relief can be granted and as a sanction for failing to truthfully disclose prior cases.

**IN CHAMBERS**, at Gainesville, Florida, this 24th day of June 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.